IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TILLMAN HENDERSON, | ) | 8:07CV384 |
| | ) | |
| Petitioner, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner has paid his filing fee and the court has now conducted an initial review of the petition for writ of habeas corpus (filing 1) to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court. Condensed and summarized for clarity, the three claims asserted by the petitioner are these:

Claim One: The petitioner's sentence is excessive. The petitioner states that he was sentenced to a term of 10 to 15 years for use of a deadly weapon and to a consecutive term of 20 to 60 months for making terroristic threats. He claims that the sentence is disproportionate because the weapon was never drawn. This claim is construed as alleging cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

Claim Two: The petitioner was denied his right to speedy trial. The petitioner states that he entered a plea of no contest after the date that he should have been tried. This claim is construed as alleging a speedy trial violation under the Sixth and Fourteenth Amendments.

Claim Three: <u>The petitioner was sentenced based on false information.</u> The petitioner states that the sentencing judge erroneously found that he had eight prior felony convictions. This is construed as a Fourteenth Amendment due process claim.

Liberally construed, the court preliminarily decides that all three claims are potentially cognizable in federal court. The court cautions, however, that no determination has been made regarding the merits of the claims, or any defenses to them, or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: Claims One, Two, and Three, as described in the body of this memorandum.

2. The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

3. By January 21, 2008, the respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: "January 21, 2008: deadline for respondent to file answer or motion for summary judgment."

4. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

    F.    If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **The respondent is warned the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions including the release of the petitioner.**

5.    If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

    A.    No later than 30 days after the filing of the answer, respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    B.    The answer shall be supported by <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in separate filing

   entitled: "Designation of State Court Records In Support of Answer."

 C. Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

 D. No later than 30 days following the filing of respondent's brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

 E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

December 5, 2007.   BY THE COURT:

         s/ *Richard G. Kopf*
         United States District Judge