IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TILLMAN HENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | 8:07CV384 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| STATE OF NEBRASKA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. ([Filing No. 6.](#)) In support of its motion, Respondent filed relevant state court records. ([Filing No. 5.](#)) Also before the court is Petitioner's Motion to Stay and Abey the Habeas Corpus Proceedings. ([Filing No. 8.](#)) Respondent filed a Brief in Opposition to Petitioner's Motion to Stay and Abey Habeas Corpus Proceedings. ([Filing No. 10.](#))

Liberally construing the allegations of Henderson's Petition for Writ of Habeas Corpus ("Petition") ([filing no. 1](#)), Henderson argues that his Petition should be granted because:

> Claim One: Petitioner's sentence is excessive. Petitioner states that he was sentenced to a term of 10 to 15 years for use of a deadly weapon and to a consecutive term of 20 to 60 months for making terroristic threats. He claims that the sentence is disproportionate because the weapon was never drawn.
>
> Claim Two: Petitioner was denied the right to speedy trial. Petitioner states that he entered a plea of no contest after the date that he should have been tried.

    Claim Three:    Petitioner was sentenced based on false information. Petitioner states that the sentencing judge erroneously found that he had eight prior felony convictions.

## I.    Background

On January 13, 2005, Petitioner entered into a plea agreement pleading guilty to two counts of making terroristic threats and one count of use of a deadly weapon to commit a felony. (Filing No. 5, Attach. 4, at CM/ECF p. 4.) On March 17, 2005, the District Court of Douglas County sentenced Petitioner to ten to fifteen years imprisonment for use of a weapon to commit a felony and to twenty to sixty months imprisonment for each count of terroristic threats. (*Id.* at CM/ECF p. 1.) On June 30, 2005, the Nebraska Court of Appeals affirmed Petitioner's convictions and sentences. (*Id*. Attach. 2 at CM/ECF p. 1-2.) Petitioner did not file a petition for further review to the Nebraska Supreme Court and the Court of Appeals mandate issued on August 3, 2005. (*Id.*) Petitioner did not file a Motion for Post-Conviction Relief with the state court. (*Id*. Attach. 3 at CM/ECF pp. 1-4; Filing No. 1 at CM/ECF p. 3.) On September 19, 2007, Petitioner filed his Writ of Habeas Corpus. (Filing No. 1.)

## II.    Analysis

### A.    Motion to Stay and Abey Habeas Proceedings

On January 30, 2008, Petitioner filed a Motion to Stay and Abey these Habeas Corpus Proceedings. (Filing No. 8.) In his Motion, Petitioner asks this court to dismiss his Petition without prejudice and allow Petitioner the opportunity to exhaust his state court remedies. (*Id.* at CM/ECF p. 1.) Respondent filed an Objection to the Motion arguing that the court should deny the Motion because allowing the Petitioner to dismiss this case without prejudice to reassertion in the future would be a waste of judicial resources and effort. (Filing No. 10.) Respondent further argues that the

court should dismiss the Motion because the statute of limitations has already expired, and Petitioner failed to establish good cause for his failure to exhaust his claims in state court.  (*Id.*)

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that when a district court determines there is good cause, the district court may stay a Petition for Habeas Corpus to allow a petitioner to present unexhausted state court claims and then return to federal court after resolution of the claims.  *Rhines*, 544 U.S. at 277. The Court's holding was an attempt to resolve a conflict presented when a petitioner files a timely, but mixed (some exhausted some unexhausted habeas claims) petition in federal district court.  *Id.* at 274.  The concern was that under the total exhaustion rule enunciated in *Rose v. Lund*, 455 U.S. 509 (1982), established before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") and the AEDPA one-year statute of limitations, dismissal of a mixed petition for failure to exhaust after the AEDPA limitations period would mean the termination of any meaningful federal review.  *Id.*  The court cited the following examples to illustrate the need for the stay and abey procedures:

> For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

3

*Id.*

However, in this case staying these proceedings to allow Petitioner to exhaust his state court remedies is futile because even if Petitioner properly exhausts all state court remedies, his Petition will still be deemed untimely under the AEDPA statute of limitations. As discussed in detail later in this Memorandum and Order, the AEDPA statute of limitations expired over a year before Petitioner filed his Petition with this court. Furthermore, Petitioner has failed to establish good cause for failing to exhaust his habeas remedies in state court. *Rhines*, 544 U.S. at 277. Therefore, Petitioner's Motion to Stay and Abey Habeas Corpus Proceedings is denied.

**B.    Statute of Limitations**

The AEDPA imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In particular, the AEDPA states:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Therefore, absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final. 28 U.S.C. § 2244(d)(1)(A); *see Riddle v. Kemna*, 523 F.3d 850, 853 (8th Cir. 2008) (en banc).

Here Petitioner's state-court judgment became final on August 3, 2005 the day the Nebraska Court of Appeals issued its mandate. *See, e.g., Riddle*, 523 F.3d at 852 (holding that the petitioner's direct appeal became final, and the one-year limitations period began to run, on the date that the Missouri Court of Appeals issued its mandate). However, Petitioner filed his Petition on September 19, 2007 over a year after the statute of limitations had expired. Therefore, the Petition is untimely.

The federal courts may equitably toll the AEDPA's statute of limitations "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (citing

5

cases and stating that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). However, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003) (citations omitted). These circumstances usually include only those that are "external to the petitioner." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001).

In this case, Petitioner points to neither extraordinary circumstances beyond his control nor conduct by the state which excuses the untimeliness of his Petition. Petitioner merely argues that his Petition was untimely because he is not educated in the law. This is not a sufficient basis to warrant equitable tolling. Accordingly, the Petition is dismissed as untimely.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing no. 6) is granted. Petitioner Tillman Henderson's Petition for Writ of Habeas Corpus is denied in all respects and this action is dismissed with prejudice.

2. Petitioner's Motion to Stay and Abey Habeas Corpus Proceedings (filing no. 8) is denied.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

July 14, 2008.          BY THE COURT:
                                    s/*Richard G. Kopf*
                                    United States District Judge